HESTER COALE, and others, *vs.* LEWIS MERRYMAN, and others.

*Power of Courts of Equity to correct mistakes in Deeds, upon Parol Evidence.*

A Court of Equity will correct mistakes in a deed, upon parol evidence sufficient to satisfy the mind of the Court of the existence of the mistakes ; and will interpose the more readily where the deed is a voluntary settlement, and all the parties interested in it, who are *sui juris*, are willing that it should be reformed and corrected.

APPEAL from the Circuit Court of Baltimore City.

The cause was argued before BARTOL, C. J., BOWIE, BRENT, GRASON and ALVEY, J.

*James McGolgan* and *Wm. M. Merrick*, for the appellants.

No appearance for the appellees.

BRENT, J., delivered the opinion of the Court.

This case has been argued only on the part of the appellants, no oral or written argument having been submitted by the appellees.

The bill was filed by Hester Coale, and her three daughters, Sarah B., Martha E. and Jemima O. Coale to correct certain alleged mistakes in a deed from Hester Coale to Lewis Merryman, dated the 10th of February, 1865, conveying to him in trust certain leasehold property, and bank stock of the Howard Bank, in Baltimore city.

The power of Courts of Equity, to reform upon parol evidence mistakes in deeds, is so well settled, that it may be assumed as a concession in this case. The only difficulty is in questions of this character, the certainty and extent of the proof required to establish the mistake. While there is to be found much conflict in the cases upon this point outside of

our own State, the rule here is, that only *such full and strict evidence is required as will be sufficient to satisfy the mind of the Court.* This rule is established in 6 *Md.*, 485, and affirmed in *Schaeffer and Wife vs. Burk*, an unreported case decided at April Term, 1871.

The inquiry therefore in the present case is, does the evidence fully establish a mistake? The deed is a voluntary settlement of property, the legal title to which was in Hester Coale, but in which the three daughters had an equitable interest as their means had contributed to purchase it. It conveys this property to a trustee upon certain limitations, uses and restrictions, which Mrs. Coale and two of her daughters, who were examined as witnesses, concur in stating were not designed and intended. These constitute the mistake complained of. The conveyancer, on the other hand, who prepared the deed, thinks it conforms to the instructions which he received from Mrs. Coale, but while she cannot possibly be mistaken, without the imputation of false swearing, when she testifies what she did purpose and intend at the time she directed the deed to be prepared, he may have misunderstood, and no doubt did misunderstand and mistake her wishes and intention. Her testimony is explicit as to the character of the conveyance she designed to make, and the time when the mistake in the deed, she had executed, was discovered. It is coroborated by the testimony of her daughters, and we can perceive no reason to doubt it. The deed, as before said, is not one of bargain and sale, but is a voluntary settlement, and all the parties interested in it, who are *sui juris*, are willing that it should be reformed and corrected. Not to allow it to be done under such circumstances would be inequitable. The reason why it has not been corrected by consent is apparent from the record. There are minor grandchildren of Mrs. Coale who have a possible contingent remainder under the deed as it now is, and this occasions the difficulty which can only be removed by the aid of a Court of Equity.

We are satisfied that the deed ought to be corrected, and such a one decreed to be executed by Mrs. Coale as will conform to the intention of the parties as shown by the evidence in the case. Although there is some difference between the proof and the specific relief prayed, we think this can be done under the prayer for general relief, inasmuch as the main object of the bill is to correct the deed upon the gound of mistake.

In our opinion, therefore, the decree of the Court below should be reversed, and the case sent back, that a decree may be passed, annulling and vacating for mistake the deed described in the bill, and directing Hester Coale to execute a new deed of the leasehold property, mentioned therein, to Lewis Merryman in trust:

*First,* For her own use and benefit during her life, with power to the trustee, with her direction and the consent of her daughters, Sarah B. Coale and Martha E. Coale or the survivor of them, to mortgage or sell absolutely said leasehold estate and without responsibility in the trustee or purchaser to see to the application of the purchase money.

*Secondly,* After the death of Hester Coale, in trust for her daughters, Sarah B. Coale and Martha E. Coale, during their joint lives, and upon the death of either of them the whole estate to go to the survivor, provided however that either and each of them during their joint lives shall have the power to dispose by deed or will absolutely of one moiety of the estate.

And upon the further trust, that in case both of the daughters shall die before the mother the whole estate shall revert absolutely to her.

These provisions will carry out the design and intention of the parties as disclosed by the proof, and correct the mistake in the trusts and limitations of the deed of the 10th of February, 1865.

The name of Jemima O. Coale, one of the complainants, is omitted from the directions to be decreed for the new deed, because of her death since the commencement of these pro-

ceedings. The bank stock is also omitted, because it has been disposed of under a power, which we have decided should have been contained in the deed.

The costs in this case are to be paid by the appellants.

> *Decree reversed, and case*
> *remanded for further proceedings.*