## LYON v. BALTHIS ET AL.

*Deeds—Reformation of description—Burden of proof to show mistake—Presumption that grantor signing deed knew contents—Burden on grantee to prove grantor did not read deed, when—Gift deed may be reformed for donor's mistake, when—No reformation to express donor's probable intention, where consideration insufficient, when—Evidence insufficient that property omitted from deed by mistake—Rights against heirs of vendor of voluntary deed limited, how.*

1. Party desiring to reform description in deed which is clear and unambiguous on its face has burden of showing mistake by clear and convincing evidence.
2. Where deed is duly signed, witnessed, and acknowledged by vendor, law presumes that contents of deed were known to vendor, but presumption is rebuttable.
3. Grantee seeking to reform deed to conform to vendor's intention *held* to have burden of showing that vendor did not read deed, and of establishing every allegation necessary to obtain relief.
4. If conveyance represents gift as distinguished from sale, donor is entitled to reformation on account of his own mistake, regardless of whether mistake was shared by donee.
5. Where conveyance is not based on valuable or meritorious consideration, relief will not be given against donor while living or against his heirs or devisees because of failure of deed to express donor's probable intention.
6. Defendant acquiring deed conveying only part of vendor's property *held* not to have sustained burden of proof necessary to reform deed to include all of vendor's property claimed to have been omitted by mistake.
7. Defendant acquiring deed under voluntary conveyance by vendor has no greater right against heirs of vendor to reform deed for mistake than he would have against vendor if living.

(Decided April 12, 1926.)

APPEAL: Court of Appeals for Licking county.

Mr. F. E. Slabaugh, for plaintiff.
Messrs. Fitzgibbon, Montgomery & Black, for defendants.

HOUCK, P. J. This cause comes into this court on appeal from the common pleas court of Licking county, and is a suit to reform the description in a deed.

The issues to be determined are raised on the allegations contained in the cross-petition of James Balthis and others, the reply thereto, and the evidence. The case was submitted to this court on the testimony taken in the trial in the common pleas court, and is here in the form of a transcript, which contains about 100 pages.

We have carefully read the testimony as found in this transcript, and deduce from same, together with the pleadings, the following substantial facts:

Augusta McClintock was the owner of a small business block located in the village of Hebron, Licking county, Ohio, with a frontage of about 37 feet and 7 inches. On February 14, 1923, she made a deed to the cross-petitioners, James Balthis et al., the description of which conveyed only 14 feet and 7 inches of the above property. Amos Atwood was the scrivener who drew the deed. He handed same to the grantor, Augusta McClintock, and she read it. It was duly signed by her and two witnesses, and was acknowledged before Amos Atwood, as notary public for Licking county. The grantor stated to the scrivener that the deed was all right, and then handed it to him with instruc-

tions to hold the deed until after her death and then to deliver the same to the grantees.

Thereafter Miss McClintock departed this life, and the deed was duly delivered to the grantees, who took possession of the entire 37 feet and 7 inches, and used and occupied the same for some months, when it was discovered that their deed only described about 14 feet and 7 inches of the entire frontage.

A suit in partition was filed, and the defendants here, Balthis and others, filed a cross-petition, claiming that the deed to them by inadvertence and mistake on the part of the grantor described only about 14 feet and 7 inches, when, in fact, it should embody the entire property, being a frontage of about 37 feet and 7 inches. The reply denied all of the material allegations in the answer and cross-petition.

The question to be determined by this court is whether or not, under the facts and law, the cross-petitioners are entitled to have the deed in question reformed, so as to include about 37 feet and 7 inches frontage, instead of 14 feet and 7 inches.

The deed sought to be reformed is clear, plain, and unambiguous on its face, and there is no mistake in the description. It will be conceded that the burden of proof is upon the cross-petitioners in this case, and that before they are entitled to the relief sought the evidence must be clear and convincing. It will be further observed that the transaction is of a unilateral nature. A reading of the testimony discloses that counsel on both sides examined, cross-examined, and re-examined the scrivener, Amos Atwood, many times during the trial.

It is claimed upon the part of the cross-petitioners that Miss McClintock did not read the deed before she placed it in escrow, and it is as strongly urged by those claiming adversely to the cross-petitioners that the testimony clearly shows that the grantor did read the deed before its delivery in escrow.

We find and hold the rule of law to be that where a deed is duly signed, witnessed, and acknowledged by a grantor, the law presumes that the contents of the deed were known to the grantor. However, this is a rebuttable presumption, but the burden in the instant case as to this disputed question of fact is with the cross-petitioners, who bring this suit for reformation of the deed in question, and the burden of proof is upon them to establish each and every allegation contained in their cross-petition necessary to obtain the relief sought.

The conveyance here was purely voluntary on the part of Augusta McClintock, and in such cases, where the conveyance is purely voluntary, we hold the rule of law to be that if the conveyance represents a mere gift as distinguished from a sale, the donor is ordinarily entitled to a reformation on account of his own mistake, regardless of whether the mistake was shared in by the donee. On the other hand, if the conveyance is not based on a valuable, or at least a meritorious, consideration, relief will not be given as against the donor while living, and, according to the weight of authority, it will not be given as against the heirs or devisees of a deceased donor by reason of the failure of the language of the conveyance to express the donor's probable intention.

Applying this rule of law, together with the other rules of law herein laid down, to the undisputed and proven facts in this case, we are of the opinion that there is a clear failure on the part of cross-petitioners of proof sufficient to warrant them the relief they seek. We are inclined to believe that if the deed had been delivered to the grantees during the lifetime of grantor, and a suit had been brought against her, it would not have been seriously claimed under the facts in this case that a court of equity would have been authorized to enter a judgment reforming the deed. If this be true, then we think it will be conceded that the cross-petitioners have no greater rights against the legal heirs so far as reformation is concerned of the instrument here than they would have had against the grantor if she were in full life.

The burden of proof here is cast upon and is with the cross-petitioners, and we find unanimously that there is an absolute failure on their part to show such facts as under the law would warrant a reformation of the deed sought to be reformed.

It therefore follows that a judgment should be entered against the defendants, which is accordingly done, and their cross-petition is dismissed.

*Judgment against cross-petitioners.*

SHIELDS, J., and CUSHING, J. (of the First Appellate District, sitting in place of PATTERSON, J.), concur.