J. W. Jackson *et al.,* Complainants, Appellants, *v.* Hugh Thompson *et al.,* Defendants, Appellees.

(*Nashville,* December Term, 1932.)

Opinion filed May 20, 1933.

O. B. Starnes, for complainants, appellants.

T. B. Finley, for defendants, appellees.

Mr. Justice Chambliss delivered the opinion of the Court.

The bill was filed by children of Sarah E. Jackson, to reform a deed made by Rachel and A. W. Thompson, the parents of Sarah E. Jackson, and for partition of the land conveyed by this deed. The deed conveyed the land, subject to reservation of a life estate in the grantors, both of whom are deceased, to a daughter, Margaret E. Eatherly, for her life, ''with remainder to her children, or their descendants living at her death, and in default of children or their descendants living at her death, said lands shall revert to and belong to the brothers and sister of said *Sarah E. Jackson,* or to their descendants in case either be dead, such descendants or bodily heirs representing and taking the share of their deceased parents.''

We have italicized the words, the name, *Sarah E. Jackson,* as to which reformation is sought, so as to have substituted therefor the name *Margaret E. Eatherly,* it being her ''sister,'' who, together with the two brothers, to whom the remainder would pass after the death of Margaret E. Eatherly without issue.

Margaret E. Eatherly had died without issue before the filing of the bill. It appears that the grantors had living at the time of the making of the deed two sons and two daughters, Margaret E. Eatherly and Sarah E. Jackson. The theory of the bill is that the name of Sarah E. Jackson was by inadvertence and error, apparent on the face of deed, inserted for that of Margaret E. Eatherly, in the phrase ''shall revert to and belong to the brothers and sister of said Sarah E. Jackson.'' This

was the view taken by the Chancellor, who decreed the reformation and, holding the complainants to have therefore an interest in the land, ordered the partition. No objection is made to the partition, but defendants, heirs of the two brothers, appealed from the decree of reformation, and the Court of Appeals has reversed the Chancellor. Petition for *certiorari* has been granted and argument heard.

We are of opinion that it is apparent on the face of the deed that the name *Sarah E. Jackson* was, probably by error of the draftsman, inserted for *Margaret E. Eatherly.* As stated, at the time of the making of the deed for life to Margaret E. Eatherly, the grantor parents had living four children, two sons and two daughters. The provision for reversion dealt with a situation to arise upon and after the happening of the contingency of the death of one of these sisters, Margaret Eatherly. There would remain "the brothers and sister of said"—not *Sarah E. Jackson*—but the *deceased, Margaret E. Eatherly.* This sister of Sarah E. Jackson was the person upon whose death the reversion was to take place. It was the sister of Margaret Eatherly who was to take in the alternative arising in the event of the death without issue of Margaret, the first taker. The succeeding language, "or to their descendants in case either be dead," supports this view. The grantors were dealing again with a situation, a contingency, in which there would be no "children or their descendants living at her death," that is, the death of Margaret E. Eatherly. So that, the grantors could not have intended by this language to pass the reversion to "the sister of said Sarah E. Jackson"—Margaret E. Eatherly—and to her descendants, as there could have been none such in con-

templation in the contingency being provided for by this clause. An explanation of this inadvertent use of the name of Sarah E. Jackson is suggested by the fact that in a preceding paragraph the name of Sarah E. Jackson had been used in referring to a right-of-way to a spring on a lot which she owned, this name being again used by inadvertence.

The learned Court of Appeals appears to rest its decree of reversal on the proposition that ''the complainants were not parties to the deed in question, and neither was their ancestor, Sarah E. Jackson, a party thereto,'' quoting the following as controlling: ''Courts will not interpose to reform an instrument in behalf of one who is not a party to the instrument nor claiming any privity with a party,'' citing *Walker* v. *Walker,* 2 Tenn. App., 279, 288; *Henderson* v. *Henderson,* 158 Tenn., 452, 456, 14 S. W. (2d), 714; 23 R. C. L., pp. 308, 338-339, and other authorities.

This is undoubtedly the general rule, but while it is true that neither the complainants nor their ancestor, Sarah E. Jackson, were original parties to the deed, they are children and heirs of the ''sister'' who with the ''brothers'' were the parties to whom the land, by the terms of the deed, was to revert in the contingency of the death of Margaret E. Eatherly without issue, and they therefore are claiming in privity. Manifestly, if the deed is reformed and the correction of the name is made as of the date of the making of the deed, then all doubt is removed and the complainants are clearly here claiming in privity with a party thereto, to-wit, their Mother.

The object of this suit is to make the instrument speak the truth according to the intention of its makers. The right to sue rests on the claim that if the instrument is

so made to speak the true intention of its makers this interest of complainants is clearly established. Claiming to be the heirs of one of the parties intended to be made a grantee of a remainder interest in said lands, the bill asserts their claim to so take under the deed, and seeks to have this intention declared and established by the reformation of that language which casts doubt on their rights. They say they are entitled to take under the instrument sought to be reformed and are claiming in privity with those who conveyed the land and those who acquired it. The rule relied on that "Courts will not interpose [to reform] in behalf of persons who are neither parties to the instrument nor claiming any privity" (23 R. C. L., 339), does not preclude these complainants. They are the real parties in interest claiming privity, according to the allegations of their bill.

Ruling Case Law cites to support its text above quoted 6 L. R. A., 838, and 117 A. L. R., 228. L. R. A. cites, in turn, *East* v. *Peden,* 108 Ind., 92, which states the rule affirmatively thus: "In all cases of mistakes in written instruments, courts of equity will interpose their aid between the original parties, or those claiming under them in privity [such as heirs, devisees, legatees, assignees, voluntary grantees, etc., etc.], but in behalf of persons not thus connected, Courts of Chancery do not lend their aid." But, it appears from the opinion in that case that the person seeking the correction of the deed was not claiming under it at all. Said the Court, "Since the appellee claims no right through the deed in question, he is in no position to assert a mistake, and seek a correction of the deed."

Complainants here are not named "original parties," but they are "claiming under them in privity," and,

therefore, stand in the proper relationship to invoke the aid of equity to correct the alleged mistake.

The decree of the Court of Appeals must be reversed and that of the Chancellor affirmed.