[Civ. No. 17869. Second Dist., Div. Three. Aug. 28, 1951.]

JAMES A. TYLER, as Administrator, etc., Respondent, v. ELLEN R. LARSON, Appellant.

318

Robert M. Wiley for Appellant.

Hobart & Hobart for Respondent.

VALLÉE, J.—Appeal on the judgment roll from a judgment which reforms a deed from one in joint tenancy to one as tenants in common.

Ellen R. Larson, appellant, is the youngest daughter of decedent Jennie Pover. On November 30, 1945, Jennie executed a deed conveying a parcel of realty to herself and Ellen as joint tenants. From November 1, 1945, or prior thereto, until the death of Jennie, a confidential relation existed between Jennie and Ellen. Jennie was competent and of sound mind at the time she executed the deed. There was no fraud, misrepresentation, duress, or undue influence in connection with the execution of the deed. Ellen did not give Jennie any consideration for the deed. Jennie died on February 1, 1947.

The court found that at the time Jennie executed the deed she believed and understood it would have the effect of giving Ellen only a half interest in the property and she would retain a half interest, and her intent was to make Ellen a tenant in common and not a joint tenant. The only conclusion that can be drawn from the findings is that the deed, made freely and voluntarily, without consideration, was, by mistake on the part of *Jennie* alone, made to herself and Ellen "as joint tenants." Although an amendment to the complaint filed during the trial alleged that Ellen "knew that the decedent at the time of the execution of said deed did not intend to have said deed convey other than an undivided one-half interest in the property," the court did not so find. There is no finding that Ellen knew of or suspected her mother's mistake at the time of the execution of the deed.

The judgment strikes the words "as joint tenants" from the deed and substitutes the words "as tenants in common." Ellen appeals.

The assignment of error is that the findings do not support the judgment. As this is an appeal on the judgment roll, we must take as true the facts found.

Appellant relies on Civil Code section 3399, which reads: "When, through fraud or a mutual mistake of the parties, or a mistake of one party, which the other at the time knew or suspected, a written contract does not truly express the intention of the parties, it may be revised, on the application of a party aggrieved, so as to express that intention. . . ."

■ Under this section a mistake of one of the parties alone is not sufficient ground for reformation. (*Baines* v. *Zwieback,* 84 Cal.App.2d 483, 489 [191 P.2d 67].) Appellant argues that there is no finding that Ellen knew or suspected that Jennie intended a tenancy in common and not a joint tenancy "at the time" the deed was executed, and that therefore the judgment is not supported by the findings. Respondent maintains that section 3399 does not apply to the facts found. We have concluded that respondent's contention must be upheld.

There was no consideration for the deed. It was voluntary, one of gift. Referring to section 3399 in *Enos* v. *Stewart,* 138 Cal. 112, 115 [70 P. 1005], the court stated: "The party aggrieved in the sense of the statute means one whose pecuniary interest is affected by the mistake. It would include one who paid value for land which by mistake was omitted from the deed. . . . But the section was never intended to overthrow well-settled principles upon which equity has been administered under the common law. The section certainly does not contain all the law with respect to the correction of mistakes in courts of equity. It is only where it clearly appears that a long-established principle is intended to be overthrown that the court will give such effect to a statute. (*In re Mill's Estate,* 137 Cal. 298 [70 P. 91, 92 Am.St.Rep. 175].) "

■ It is old and well-established law that equity, at the instance of a grantor, his heirs, devisees, or representatives, will reform a voluntary conveyance, where, by mistake of law or fact, a larger estate or more land has been granted than was intended to be conveyed; and it is immaterial that the grantee is cognizant of the mistake. The grantee has given nothing for the conveyance; he is deprived of nothing; and he

cannot complain if the mistake is corrected. (*Walker* v. *Armstrong*, 8 De.G.M.&G. 531, 44 Eng.Rep. 495; *Stone* v. *Hale*, 17 Ala. 557 [52 Am.Dec. 185]; *Mitchell* v. *Mitchell*, 40 Ga. 11, 16; *Andrews* v. *Andrews*, 12 Ind. 348; *Rice* v. *Hall*, 19 Ky.L.Rep. 814 [42 S.W. 99]; *Coale* v. *Merryman*, 35 Md. 382; *Beckius* v. *Hahn*, 114 Neb. 371 [207 N.W. 515, 517, 44 A.L.R. 73]; *Day* v. *Day*, 84 N.C. 408; *Delap* v. *Leonard*, 189 App.Div. 87 [178 N.Y.Supp. 102]; *Lyon* v. *Balthis*, 24 Ohio App. 57 [155 N.E. 815, 816]; *Thompson* v. *Stack*, 21 Wn.2d 193 [150 P.2d 387, 390]; 45 Am.Jur. 599, § 31; Clark, Principles of Equity, §§ 341, 342, 361; anno. 69 A.L.R. 430, 128 A.L.R. 1302, 10 Ann.Cas. 524.) We have not found a dissenting voice.

The Restatement of Restitution says that a person is entitled to restitution from another because of mistake of fact if he has transferred land to the other under such circumstances that, had he paid money to the other, he would have been entitled to restitution, and that the rule is applicable to a situation where an interest different from or larger than was intended in land is transferred by the person causing the transfer. (Rest., Restitution, § 39.) The same work says: "A gift which is made as a result of a mistake of law can be rescinded as freely as if the mistake were one of fact. . . . Likewise, restitution is granted if there is an error as to the effect of a deed of conveyance, as a result of which a different or a larger interest is given than intended." (Rest., Restitution, § 49.) An illustration given is: "Intending gratuitously to convey merely a life estate in Blackacre, A executes to B a conveyance in fee, A being mistaken as to the legal effect of the words which he uses. A is entitled to reformation of the deed to accord with his intention." (Rest., Restitution, § 49, Illustration 4.) Comment b of section 163 reads: "*Unilateral mistake.* Where a person in a gift transaction confers a benefit upon another as a result of a mistake of fact, he is entitled to restitution even though the other did not share in the mistake and did not know of or suspect its existence (see sec. 26)."

█ As the court found that Jennie executed the deed, intending and believing that it made Ellen a tenant in common and not a joint tenant, plaintiff was entitled to have the deed reformed whether or not Ellen knew of or suspected the mistake. We conclude that the findings support the judgment.

█ Appellant filed a motion in this court for augmentation of the record. She seeks to have certain exhibits introduced in evidence by her made a part of the record on appeal. She

says these exhibits will show Jennie intended to convey a joint tenancy. If so, the appeal should not have been taken on the judgment roll alone.

The motion for augmentation of the record is denied. The judgment is affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 25, 1951.