[Civ. No. 18673. Second Dist., Div. Two. Dec. 3, 1951.]

JOSEPH S. NUNES, Respondent, v. EMMA G. DE FARIA et al., Appellants.

Joseph A. Brown and Aaron Sapiro for Appellants.

E. O. Leake and J. J. Leake for Respondent.

McCOMB, J.—Defendants appeal from a judgment in favor of plaintiff in an action to (a) quiet title to certain real property and (b) to cancel a joint tenancy deed executed by plaintiff to himself and defendants.

*Facts:* Plaintiff married Laura E. Nunes who had two daughters by a previous marriage, Mrs. Emma G. De Faria and Mrs. Edith Hay, defendants herein.

During their marriage plaintiff and his wife acquired a

parcel of real property as joint tenants. On January 28, 1949, Mrs. Nunes died and plaintiff as the surviving joint tenant became the sole owner of the property.

Immediately after the death of his wife while plaintiff was suffering from shock and was mourning her loss, defendants expressed great love and affection for plaintiff. Defendant De Faria suggested that he execute a deed of the aforementioned real property to himself and the two defendants as joint tenants. Defendant De Faria stated to plaintiff that the execution of such deed would not in anyway interfere with his possession of the property or with any disposition thereof he might desire to make.

Relying on this statement plaintiff executed such a deed. However when he subsequently desired to sell the property both defendants told him they would not consent to his selling it unless he gave them $11,000. Thereupon the present action was instituted.

**■** *Questions*: First: *Was there substantial evidence to sustain the trial court's findings that defendants made false and fraudulent statements and representations to plaintiff in order to induce him to execute the deed above mentioned?*

*Yes.* Plaintiff testified that he had a conversation with defendant De Faria during which she suggested he execute a joint tenancy deed of the property to himself and the two defendants so that in the event of his death it would be unnecessary to have a probate of his estate; that during this conversation he said to her, "Well, supposing I want to sell this property?" to which she replied, "Well, that won't interfere with the selling of it one bit."

He further testified that he executed the deed in reliance upon her statement and that thereafter when he wanted to sell the property he called defendant De Faria in San Francisco and told her he wanted to sell, at which time she said, "Well, I don't know, you had better call Edith," (defendant Edith Hay). Immediately after this conversation with defendant De Faria he called Edith Hay and she said, "No, we are not signing." "She says, 'That is not half of it, we have to have $11,000 out of that place and we are not just letting you sell it like that.' She says, 'You go ahead and put it for sale and then we will sign and get our money.'" Plaintiff testified that he then said to Edith Hay, "You mean I am paying all the bills here, I paid off this property and paid all the bills, and you are telling me what to do and how to sell?" "She says, 'That is it, we are telling you.' She says, 'We want you to sell the furniture also.'"

In addition there was testimony that neither of defendants ever made any payments in connection with the property.

Clearly the foregoing evidence sustained the questioned findings of the trial court.

■ Second: *Was the misrepresentation merely one of law which did not support a cancellation of the conveyance?*

*No.* Defendant De Faria stated as a fact that the conveyance would not prevent plaintiff from selling the property at any time he saw fit to do so. Since he relied upon this fact, the trial court was justified in drawing the inference that at the time said defendant made the statement she did not intend to permit plaintiff to sell the property without her consent, and it was a sufficient basis for setting aside the deed.

■ Even though we consider it as a misstatement of a question of law it would have justified the trial court in setting aside the deed. The law is accurately stated by Mr. Justice Vallée in *Tyler* v. *Larson,* 106 Cal.App.2d 317, 319 [2] [235 P.2d 39], as follows: "It is old and well-established law that equity, at the instance of a grantor, his heirs, devisees, or representatives, will reform a voluntary conveyance, where, by mistake of *law* or fact, a larger estate or more land has been granted than was intended to be conveyed; and it is immaterial that the grantee is cognizant of the mistake. The grantee has given nothing for the conveyance; he is deprived of nothing; and he cannot complain if the mistake is corrected." (Italics added.)

■ Third: *Since the misrepresentation was made by defendant De Faria and not by defendant Hay, was such misrepresentation binding upon the latter defendant?*

*Yes.* The correct rule is stated in Volume 2, Restatement of the Law, Contracts (1932), section 477, at page 912 as follows:

"Fraud or material misrepresentation by a third person renders a transaction voidable by a party induced thereby to enter into it, if the other party thereto (a) has reason to know of the fraud or misrepresentation before he has given or promised in good faith something of value in the transaction, or changed his position materially by reason of the transaction, or (b) is affected by the fraud or misrepresentations under the law of agency or trusts."

The section is followed by this pertinent comment:

"As between the original parties to a transaction induced by the fraud or material representations of a third person, the injured party has power of avoidance, unless the other party

is not only ignorant of the fraud or misrepresentation when he enters into the transaction, but has either parted with value or has changed his position materially in reliance upon the transaction. ▉ *A donee cannot conscientiously retain an advantage obtained from another because of a third person's misconduct, even if the donee neither knew nor had reason to know of it.''* (Italics added.)

▉ Clearly in the present case subdivision (a) of the foregoing section is applicable since there is no evidence that defendant Hay has given or promised in good faith something of value or in any way changed her position as a result of the execution of the deed by plaintiff.

▉ Fourth: *Did the trial court commit prejudicial error in receiving in evidence (a) a copy of a will which Mrs. De Faria prepared and had plaintiff copy shortly after his wife's death, which will named defendants as beneficiaries, (b) testimony of defendant De Faria relative to her present feelings and opinions about the property which was the subject of the suit, and (c) testimony as to whether Mrs. De Faria had contributed any money for taxes or any other purpose in connection with the property described in the deed?*

*No.* (a) and (b). Defendants' claim that the evidence admitted and described under (a) and (b), *supra,* was outside of the issues of the case and is immaterial.

Assuming without deciding that this is true such error was harmless and must be disregarded by this court in view of the fact that no prejudice appears to have resulted to either defendant from the admission thereof. (See Cal. Const., art. VI, § 4½; *Mack* v. *White,* 97 Cal.App.2d 497, 501 [9] [218 P.2d 76].)

▉ (c) It was perfectly proper to question defendant De Faria as to whether or not she had contributed money for taxes or for any other purpose for the property described in the deed. Such evidence was material as to whether she had given any consideration for the deed; also as to whether there were any equities in her favor which should be recognized by the trial court in determining the judgment to be rendered.

In view of the foregoing conclusions it is unnecessary to discuss any of the other points raised by counsel.

Affirmed.

Moore, P. J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied January 31, 1952.