[Civ. No. 22530.   Second Dist., Div. Three.   May 20, 1958.]

MAYBELLE B. STEINER, Respondent, v. HAROLD H. STEINER, Appellant.

Marcus C. Clark and Clifford H. Clark for Appellant.

Everett F. Beesley and Maurice Gordon for Respondent.

SHINN, P. J.—Action to set aside a deed. After an extended trial, the court made findings and ordered the deed annulled. Defendant appeals from the judgment and has noticed an appeal from the denial of his motion for new trial.

The facts found by the court were those alleged in the complaint. Plaintiff alleged as follows: The parties were living together as husband and wife. Plaintiff owned an unimproved lot on La Cienega Boulevard in Los Angeles. On September 24, 1953, she executed a grant deed of the lot to defendant as his separate property; defendant gave no consideration for the deed. An office and a residence were subsequently built on the lot and the parties resided on the premises until April 1955, when plaintiff separated from her husband. Defendant has continued to reside thereon and to use the office in his business.

The complaint alleged that plaintiff executed the deed and parted with its possession in reliance upon defendant's representations that ''by so executing said deed it would not be necessary to probate her estate in order to make him the owner of said property in the event of plaintiff's death before the death of the defendant; that notwithstanding the execution of said grant deed she would remain the owner of the property; that he would not cause the deed to be recorded prior to her death.'' It was also alleged that plaintiff reposed the utmost confidence and trust in her husband and had she not so trusted him she would not have executed the deed. Plaintiff alleged that her purpose in deeding the lot ''was

to make defendant the owner of said property upon and only in the event of her death'' and that ''it was further her intent and purpose that said deed should be recorded only upon and in the event of her death.''

It was further alleged that defendant's representations were false and fraudulent ''and were made with the intent and purpose of inducing the plaintiff to execute said grant deed to the defendant and with the intent and purpose of acquiring the record ownership of said property prior to plaintiff's death.'' Defendant's promise not to record the deed before her death was made without an intention to keep the promise. In furtherance of his plan to defraud plaintiff, defendant caused the deed to be recorded on June 20, 1955, without her knowledge and consent. By reason of the foregoing, plaintiff has been cheated and defrauded out of title to the property and is entitled to have her deed annulled.

All the allegations of facts that would tend to invalidate the deed were found to be true. Consistent with these findings, the court found the deed to be invalid and ordered its cancellation.

Plaintiff's testimony consisted of 190 pages of the transcript; appellant's testimony consisted of over 250 pages; 41 exhibits were introduced in evidence. In his briefs appellant does not specify as a ground for reversal that the findings are not supported by the evidence. He says in his brief: ''Maybelle B. Steiner, plaintiff and respondent, testified at the trial of this action that the Deed which she made and executed to Harold H. Steiner, defendant and appellant was delivered to him with a condition attached, namely, that Harold H. Steiner, defendant and appellant, would not record the same until her death.'' There is no other statement of the evidence which was relevant to and consistent with the facts as found by the court. Nevertheless throughout appellant's briefs it is argued that the evidence established material facts to the contrary of those found by the court. We shall not discuss these arguments. For the purposes of the appeal, the evidence must be deemed to have been sufficient to justify the findings in all respects. (*Hickson* v. *Thielman,* 147 Cal.App.2d 11 [304 P.2d 122].)

In urging a reversal of the judgment, appellant contends that the deed was delivered to him by Mrs. Steiner with the intention to presently pass title and that the deed conveyed

title free of any oral condition imposed by her. He ignores the evidence of his representations which the court found to have been fraudulent. Plaintiff contends, on the other hand, that the deed was procured by appellant's fraud, that she did not intend to divest herself of title to the lot, and that the findings support the judgment annulling the deed. She refers to the evidence upon which she relies. We agree with plaintiff's contention.

To effect a valid delivery of a deed, the grantor must intend to divest himself of title to the property. (*Donahue* v. *Sweeney*, 171 Cal. 388, 390 [153 P. 708], and cases cited.) The act of delivering the deed must be accompanied by an intention that the instrument shall become presently operative and convey a present title. (*Williams* v. *Kidd*, 170 Cal. 631, 638 [151 P. 1, Ann.Cas. 1916E 703], and cases cited.)

The deed in question was duly executed and acknowledged by Mrs. Steiner and it was in her husband's possession from September 24, 1953, until June 20, 1955, when the instrument was recorded. Evidence of these facts, appellant correctly argues, established at least a prima facie case of delivery. (Civ. Code, § 1055; *Towne* v. *Towne*, 6 Cal.App. 697, 701 [92 P. 1050].)

Steiner also relies upon section 1056 of the Civil Code, providing as follows: "A grant cannot be delivered to the grantee conditionally. Delivery to him, or to his agent as such, is necessarily absolute, and the instrument takes effect thereupon, discharged of any condition on which the delivery was made." Appellant's contention is that title to the lot vested in him immediately upon delivery of the deed, and that his title was not to be defeated by the fact that plaintiff attached a verbal condition to the delivery, namely, that he would not record the instrument before she died. It is, of course, true that an oral request to the grantee that the deed not be recorded until after the grantor's death does not defeat a delivery otherwise effective. (*McCarthy* v. *Security Trust etc. Bank*, 188 Cal. 229, 234 [204 P. 818]; *Blackledge* v. *McIntosh*, 85 Cal.App. 475, 483 [259 P. 770].)

However, these were not the controlling circumstances in the case. The court found that plaintiff did not intend to convey the property to her husband and that he obtained the deed through fraudulent representations. The sufficiency of the evidence to support the finding of fraud is not subject to review for the reasons we have stated.

It is settled that a deed secured by fraud is invalid

and is subject to cancellation. (*Cox* v. *Klatte*, 29 Cal.App.2d 150, 160 [84 P.2d 290], and cases cited.) ▇▇ And as the Supreme Court said in *Cox* v. *Schnerr*, 172 Cal. 371, at page 376 [156 P. 509]: "If it [the deed] were fraudulently obtained the mere manual tradition of it would not be in legal sense a delivery. Execution and delivery of such an instrument depend upon more than the mechanical acts of signing it and passing it to another person. Apparent consent is not real or free when obtained through fraud, undue influence, or mistake. Free consent is an indispensable element in the making of a valid contract."

▇▇ Under the facts as found by the court, appellant was required to exercise the highest good faith in dealing with his wife. (*Dolliver* v. *Dolliver*, 94 Cal. 642 [30 P. 4].) While the court also found that a divorce action had been pending between the Steiners for more than a year prior to September 24, 1953, there was evidence that plaintiff caused her divorce action to be dismissed in December 1952 and resumed cohabitation with appellant in February 1953. In view of the finding that the parties were living together as man and wife and that Mrs. Steiner reposed her confidence and trust in her husband, it could not reasonably be contended that they were dealing at arm's length. It is a fallacy that because a husband and wife have had differences which have caused one to seek a divorce from the other, the confidential relationship has thereby been destroyed. The least overreaching or misrepresentation, through which appellant obtained property belonging to his wife, would warrant an avoidance of the transaction. (26 Cal.Jur.2d 139, 140.)

Appellant paid nothing for the grant deed, thereby securing property worth a considerable sum. He obtained the deed through a promise that he would not record it, having no intention to keep his promise, but this was not the only misrepresentation made by Steiner. Plaintiff testified that she did not intend the transaction as a gift. Appellant told her that she would continue to own the lot notwithstanding execution of the deed. The representation was a false one, and it was calculated to deceive plaintiff as to the legal effect of the transaction.

▇▇ Where a person standing in a relation of trust and confidence to the grantor obtains a deed through false representations as to the legal effect of the instrument, our courts do not hesitate to grant relief to the defrauded party. (*Nunes* v. *De Faria*, 107 Cal.App.2d 794, 796 [238 P.2d 106]; *Tyler*

v. *Larson*, 106 Cal.App.2d 317 [235 P.2d 39].) ▬ This is a proper case for application of the rule. Cancellation of the deed was not only proper but upon the facts found could not reasonably have been refused.

▬ Although the conclusions we have reached require affirmance of the judgment we may add that in addition to the issues raised by the complaint and the answer defendant tendered other issues by way of cross-complaint. He alleged that the property was acquired and improved with his separate funds. He also attacked the validity of a homestead placed upon the property by plaintiff. He sought to have the property declared to be his separate property. The court found that plaintiff was not living upon the property when she recorded the declaration of homestead and adjudged it to be invalid. It also found that the property was not purchased or improved with defendant's separate funds. The appeal does not touch upon the adjudication that the declaration of homestead is invalid. Defendant does not challenge the finding that the property was not purchased or improved with his separate funds except by the mere assertion that the property was his separate property. He has furnished us with no statement of the evidence upon that issue. The finding is therefore conclusive.

Plaintiff alleged that when she executed the deed to defendant she was "the equitable and record owner" of the property. The court found that allegation to be true. This was not a finding that plaintiff owned the property as her separate estate, nor does plaintiff contend that it should be construed as such.

The judgment declared void plaintiff's deed to defendant and the declaration of homestead. It did not declare plaintiff to be the owner of the property as her separate estate. The question whether the property is community property was not in issue, and the court properly did not undertake to decide that question.

The order denying the motion for new trial not being appealable, the notice of appeal from that order is void and of no effect. The judgment is affirmed.

Wood (Parker), J., and Vallée, J., concurred.

A petition for a rehearing was denied June 6, 1958, and appellant's petition for a hearing by the Supreme Court was denied July 16, 1958.