Herbert H. DAVIDSON et al.,
Appellants,

v.

Marvin LANE et al., Appellees.

Court of Appeals of Tennessee,
Eastern Section.

March 9, 1978.

Certiorari Denied by Supreme Court
June 12, 1978.

Earnest R. Taylor, Morristown, for appellants.

T. R. Bandy, III, Kingsport, for appellees.

## OPINION

WILLIAM H. INMAN, Special Judge.

The purely equitable relief of reformation of a written instrument being denied them, appellants seek review of the judgment which is predicated on a legal conclusion that mutuality of mistake must always appear as a prerequisite to the reformation. The assignments of error are directed to this conclusion.

Appellants are the heirs at law of B. C. Davidson, who executed, with his wife, a deed in 1971 to the Valley View Missionary Baptist Church conveying .16 acre. It is this deed which appellants seek to have reformed. They allege that the grantors intended to restrict the land to use for cemetery purposes, consonant with prior conveyances to the church, and with the use of the land adjacent to that conveyed. Mr. Davidson, in 1935, conveyed the original tract to the church and in 1969 added to the quantum of land another tract. Appellees admittedly intended to use the .16 acre for other than cemetery purposes.

The Chancellor found that "the intention of the grantors was to convey [the] property to be used for cemetery purposes under the control of the church". He nevertheless dismissed the complaint because of lack of proof of any mistake on the part of the church.

We agree with the Chancellor's finding that the grantors intended to restrict or limit the use of the land to cemetery purposes; we respectfully disagree with his conclusion that mutuality of mistake, under the circumstances of this case, is a prerequisite to the granting of the relief sought.

 The 1971 deed was a voluntary conveyance, a gift, without consideration, as were the prior deeds in 1935 and 1969. Under these circumstances we hold that the grantor is entitled to invoke the aid of equity to reform the conveyance to effectuate his intention. It should be noted that the Chancellor merely found no evidence of mutuality of mistake, as distinguished from a positive finding that no mutual mistake occurred, or that the deed accurately portrayed the intentions of the parties; indeed, the thrust of the answer of the defendant Trustees is that intentions are irrelevant and that they are entitled to rely upon the strict provisions of the deed. In a word, the Trustees claim sacrosanctity of the written instrument, and declined to testify or offer proof in contravention of plain evidence that Mr. Davidson donated his land to them for cemetery purposes. They elected to stand, as it were, upon the letter of their contracts regardless of intention.

Heirs or devisees have the same rights to reformation as their grantor ancestor would have had if he had survived to bring the action. *Jackson v. Thompson*, 166 Tenn. 174, 61 S.W.2d 470 (1933).

"The grantor in a voluntary conveyance will be aided by the Court as where, by mistake, a larger estate or more land has been granted than was intended to be conveyed . . .", *66 Am.Jur. 20, Section 45.* It is immaterial that the grantee is not cognizant of the mistake. *Ibid.* All jurisdictions which have had occasion to decide the issue hold that a court of equity will reform a voluntary conveyance, made without consideration, to reflect the intention of the grantor. See, 69 A.L.R. 423; *Jones v. McNealy*, 139 Ala. 379, 35 So. 1022; *Crockett v. Crockett*, 73 Ga. 647; *Deischer v. Price*, 148 Ill. 383, 36 N.E. 105; *Andrews v. Andrews*, 12 Ind. 348; *Rice v. Hall*, 19 Ky.Law Rep. 814, 42 S.W. 99; *Delap v. Leonard*, 189 App.Div. 87, 178 N.Y.S. 102; *Lyon v. Balthis*, 24 Ohio App. 57, 155 N.E. 815; *Ferrell v. Ferrell*, 53 W.Va. 515, 44 S.E. 187; *Fritz v. Fritz*, 94 Minn. 264, 102 N.W. 705; *Gray v. Gray*, 233 Ark. 310, 344 S.W.2d 329.

The assignments of error are sustained and the judgment is reversed. Judgment will be entered in this Court granting the relief sought. Appellees are taxed with all the costs of the case.

SANDERS and GODDARD, JJ., concur.